JAMES R. CHAMBERLAIN, APPELLANT, v. THE ROCHES-
TER SEAMLESS PAPER VESSEL COMPANY, RESPOND-
ENT.

GEORGE W. HARROLD, APPELLANT, v. THE SAME,
RESPONDENT.

*Corporations — voluntary dissolution of — Receiver appointed under chapter 8, part
3, R. S. — irregular if made before return day of order to show cause — filing bond
by — lien acquired between time of appointment and filing bond.*

Proceedings for the voluntary dissolution of a corporation (chap. 8, part 3 R. S.)
are special and statutory, and although instituted in a court of general juris-
diction, must conform to the statute; hence, when a receiver was appointed
before the return of the order to show cause, *held,* that such appointment was
unauthorized, the court having no authority to appoint a receiver except in
conformity with the statute.

The statute providing that "such receivers shall be vested with all the estate, real
and personal, of such corporation, from the time of their having filed the
security hereinbefore required," *held,* that the title of the receiver did not vest
until the filing of his bond, and that a creditor of the corporation might obtain
a lien by judgment or attachment, on the assets of the corporation, between the
appointment and the filing of the bond of the receiver.

APPEAL from an order of the Special Term, setting aside attach-
ments and executions in the above entitled actions.

*W. F. Cogswell,* for the appellant.

*W. E. Edmonds,* for the respondent.

E. DARWIN SMITH, J.:

The plaintiff's suits were duly commenced in this court by sum-
mons and attachments, one on the 12th August, 1875, and the other
on the fourteenth of the same month, and judgments were duly
entered up in one on the second, and in the other on the fourth of
September afterward, and executions were duly issued on said judg-
ments on the same days respectively.

The attachments were applied for and issued, on the ground that
the defendant had made an assignment of its property on the
thirteenth day of said month of August.

These attachments and executions were set aside at Special Term, on the ground, we presume, that a receiver had been previously appointed by this court, of the property and effects of the defendant, in proceedings on its part, under the provisions of chapter 8, part 3 of the Revised Statutes, in respect to the voluntary dissolution of corporations. These proceedings are special and statutory, and, though instituted in a court of general jurisdiction, must doubtless conform to the statute.

The statute provides that, on the presentation of the petition of the trustees, or other officers having the management of the concerns of any corporation, applying for a decree dissolving such corporation, an order shall be entered requiring all persons interested to show cause, if any they have, why such corporation should not be dissolved, before some referee to be named in such order, and at some time and place therein specified, not less than three months from the date thereof. The proper order was made upon the presentation of such petition, appointing a referee, and fixing the time of the parties interested to show cause before him, on the twenty-fifth day of November, thereafter. On the coming in of the report of such referee, the court was authorized to appoint a receiver of the property and effects of the said corporation. The appointment of receiver before that time was, therefore, clearly irregular and unauthorized by the statute. The proceeding was not an action between parties, and the court had no jurisdiction in such cases to appoint a receiver, except in conformity to the statute. The order for the appointment of the receiver was made on the 1st day of September, 1875, and the receiver filed his bond, as required by the order of the court, on the seventh day of September, and the same was duly acknowledged and dated on that day. The statute (§§ 76, 77 [orig. §§ 65, 66],) provides for the appointment of a receiver, and section 67 or 78 provides that " such receivers shall be vested with all the estate, real and personal of such corporation, from the time of their having filed the security hereinbefore required." The order appointing the receiver in this particular conformed to the statute, and provides that " upon said receiver executing, acknowledging and filing with the clerk a bond, in the penalty of $3,000, in the usual form, said receiver should be vested with the rights and powers of receivers of this court."

The statute in no way restricts the rights or powers of the creditors of the corporation in such case, from pursuing their ordinary legal remedies against the corporation before the appointment of such receiver. On his appointment, and on his executing and filing his bond as therein directed, the property and assets of the corporation are vested in such receiver, and no lien can thereafter be acquired upon such property. Until the title vested in such receiver, the rights of the creditors in this particular are not taken away by the statute, or affected by such proceedings, assuming such appointment to be regular and valid.

As such title did not vest in this case under the statute and order until the filing of the receiver's bond, the appellant's judgments and attachment remain valid, and the lien acquired under, and by virtue of the same, were not cut off by said appointment. (*Kincaid* v. *Dwinelle*, 59 N. Y., 548.)

The title of the receiver did not attach from the date of the order directing the appointment of receiver, as in actions, or where no direction or provision on the subject is made. The court could not overreach the provision of the statute in this particular, and the order expressly conformed to the statute.

The orders setting aside the plaintiff's judgments and attachments were therefore erroneous, and should be reversed, with ten dollars costs of appeal in each case, with disbursements.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Order of Special Term reversed, with ten dollars costs of appeal and disbursements.